UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

JULIE WILSEY,

    Plaintiff,

vs.

NCL (BAHAMAS) LTD., A Bermuda
Company d/b/a Norwegian Cruise Line

    Defendant,
_____/

## COMPLAINT FOR DAMAGES

### INTRODUCTION, JURISDICTION, and VENUE

The Plaintiff, JULIE WILSEY, hereby sues the Defendant, NCL (BAHAMAS) LTD., A Bermuda Company d/b/a Norwegian Cruise Line, and files this Complaint, and alleges:

### THE PARTIES AND JURISDITION

1. This is an action seeking damages in excess of $75,000.00, exclusive of interest, costs, and attorney's fees.

2. **THE PLAINTIFF**. The Plaintiff, JULIE WILSEY, is a citizen of Florida.

3. **THE DEFENDANT**. The Defendant, NCL (BAHAMAS), LTD., d/b/a NORWEGIAN CRUISE LINE (hereinafter referred to as NCL or Defendant or the cruise line), has its principal place of business in Miami, Florida. NCL is incorporated outside the State of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida. At all times material, hereto the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C § 1332, as this is a civil action where the matter in

controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C. § 1333, and is being filed in Federal Court as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant. In the event this matter does not come under the diversity jurisdiction of the Court, Plaintiff shall proceed under the admiralty jurisdiction.

5. The Plaintiff, JULIE WILSEY, is *sui juris* and is a permanent resident and citizen of Hollywood, Florida.

6. The Defendant, NCL, is a foreign corporation incorporated in Bermuda, authorized to do business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade County, Florida.

7. **VENUE AND PERSONAL JURISDICTION.** The Defendant, at all times material hereto, personally or through an agent, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in, or carried on a business venture in this State and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181, or 48.193.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

9. **DATE OF INCIDENT.** This incident occured on December 21, 2015.

10. **LOCATION OF INCIDENT.** This incident occured on the vessel *Norwegian Star*, a ship in navigable water while the Plaintiff was a passenger on board. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically,

this incident occured on a shuffleboard court situated on promenade Deck 7 which is facing the sea.

11. **STATUS OF PLAINTIFF AS OF DATE AND TIME OF INCIDENT**. At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the subject cruise ship.

12. **DESCRIPTION OF THE INCIDENT**. On the date of this incident, December 21, 2015, the Defendant cruiseline hosted a shuffleboard tournament which was promoted as an activity specifically sponsored by the Defendant on their list of daily activities. The Plaintiff, and her husband, decided to participate in the activity which was to take place on the promenade deck on the 7th level of the ship that day. The area where the game took place was unsuitable for the type of game that was being played because of numerous factors described below. It was located on a deck facing the ocean, exposed to the elements of nature, such as rain water, sea spray, waves and sea salt residue, all of which the Defendant failed to properly take into account.

13. The Defendant at all material times was under constructive notice that, without proper supervision, the surface where the game of shuffleboard was being played was dangerous and unsuitable for that type of activity. The Defendant failed to take positive steps to ensure that the floor in which the game was to be played was in proper working conditions. Subsequently, while the Plantiff was participating in the game she slipped and fell on top of her left knee causing immediate pain and distress. As her husband assisted her in getting up and onto a nearby lounge chair, the NCL employee who was charged with supervising the event, scurried away without providing or offering any immediate aid to the Plaintiff. The injury that the Plaintiff suffered caused serious and permanent damage, which required that she undergo surgery.

## COUNT I - NEGLIGENCE

14. The Plaintiff, JULIE WILSEY, hereby adopts and realleges each and every allegation in paragraphs 1 through 13, above.

15. **DUTIES OWED BY THE DEFENDANT.** The Defendant owed a duty to exercise reasonable care to its passengers, including the Plaintiff. *Hall vs. Royal Caribbean Cruises, Limited* 2004 A.M.C. 1913, 2004 WL 1621209 (Fla. 3d DCA. 2004). The Defendant owed a duty to take reasonable and proportionate precautions to ensure the safety of its passengers, including the Plaintiff. The Defendant also owed a duty to exercise reasonable care under the circumstances. *Sorrels v. NCL (Bahamas) Ltd.*, 796 F.3d 1275 (11th Cir. 2015). The Defendant owed a higher duty of care to the Plaintiff as a result of the subject incident involving conditions peculiar to maritime travel. *Rainey v. Paquet Cruises, Inc.*, 709 F.2d 169 (2nd Cir. 1983).

16. The Defendant breached those duties and was negligent by:

a. Failing to design a proper shuffleboard court after taking into consideration all of the factors, including: the location of the shuffleboard court; the surface of the floor; the method to warn passengers of the slipperiness of the floor; the availability of products to dry the floor; the availability of barriers to block salt spray and sea air from the floor; the ability to ensure that passengers wear appropriate footwear; available crew to warn passengers of the unreasonable slipperiness of the floor; and the knowledge that passengers would be playing while the ship was moving at sea.

b. Failing to construct a proper shuffleboard court after taking into consideration all of the factors, including: the location of the shuffleboard court; the surface of the floor; the method to warn passengers of the slipperiness of the floor; the availability of products to dry the floor; the availability of barriers to block salt spray and sea air from the floor; the ability to ensure that passengers wear appropriate footwear; available crew to warn passengers of the unreasonable slipperiness of the floor; and the knowledge that passengers would be playing while the ship was moving at sea.

c. Failing to take into consideration the hazards of guests playing shuffleboard on a moving ship and ensuring that the guests are properly warned of the

hazards;

d.   Failing to provide proper safety measures when the Defendant knew or ought to have known that the floor was unreasonably slippery;

e.   Failing to maintain the court and other areas in a safe and reasonable manner;

f.   Failing to provide a court that was more slip-resistant and otherwise safe for the purpose that it was set out to be used;

g.   Failing to take positive steps to keep and maintain an area that was to be used for recereational activities;

h.   Failing to take positive steps to inform the Plaintiff that the floor was unreasonably slippery and unfit for activity;

i.   Failing to prevent an accident in area where the risks of such accident occuring was and should have been forseeable to NCL;

j.   Failing to provide protective panels or screens to block any and all water and debris that was within close proximity to the court and likely to cause interference;

k.   Failing to prevent ocean water from affecting the area where the activity was being conducted;

l.   Failing to provide a suffient warning to the level of slipperiness of the court;

m.   Failing to provide a written warning in a color that is different from the lines of the shuffleboard court;

n.   Failing to warn the parties participating in shuffleboard to wear proper footwear;

o.   Failing to warn the Plaintiff that her footwear was inappropriate given the unreasonably slippery condition;

p.   Failing to properly train the subject crew member that was assigned to monitor the subject NCL run shuffleboard tournament;

q.   Failing to provide the subject crew member with a squeegee or other items

that may be used to absorb and collect water, such as a towel, etc;

r.   Failing to take the necessary steps to cancel the tournament after the Defendant knew or ought to have known of the significant risk that existed at the time of the incident;

s.   Failing to reasonably monitor the parties participating in the activity, specifically the Plaintiff;

t.   Failing to properly train its agents and/or employees to identify and take reasonable steps in circumstances dangerous to its passengers, including shuffleboard;

u.   Failing to provide proper and immediate aid to the Plaintiff when the accident occured;

v.   Failing to provide a proper shuffleboard table with fitted legs which is more suitable to the slippery conditions found in the court where the incident took place;

w.   Failing to have policies and procedures for running a shuffleboard tournament for guests while the ship is at sea;

x.   Failing to implement policies and procedures pertaining to running a shuffleboard tournament for guests while the ship is at sea;

y.   Failing to comply with the reasonable industry standards and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant.

17.   The Defendant negligently allowed a dangerous condition to exist and remain, thereby causing the Plantiff to suffer serious injuries which required surgery.

18.   The Defendant negligently allowed the dangerous conditions to exist, either through acts or omissions of its agents, and had actual or constructive notice of the dangerous conditions.

19.   As a direct and proximate result of this conduct of the Defendant, the Plaintiff has been injured, including but not limited to the following:  physical injury;

medical treatments and expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; discomfort; anxiety; lost wages; financial losses; the costs of bringing suit; and other general damages.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable as a matter of right.

DATED on this 13th day of December 2016.

Respectfully Submitted,

s/ Daniel W. Courtney
Daniel W. Courtney (Florida Bar No.: 0499781)
dc@danielcourtneylaw.com
Daniel W. Courtney, P.A.
800 Brickell Avenue, Suite 1400
Miami, FL  33131
Telephone: (305) 579-0008
Facsimile: (305) 358-7222
Attorney for Plaintiff, Julie Wilsey